1

2                    **UNITED STATES DISTRICT COURT**

3                            **DISTRICT OF NEVADA**

4                                    * * *

5    JOSEPH ANTONETTI,                      )
                                            )
6                    Plaintiff,             )
                                            )
7    v.                                     )        2:07-cv-00162-MMD -VCF
                                            )
8    DWIGHT NEVEN, *et al.*,                )        **O R D E R**
                                            )
9                                           )        (Motion to Appoint Counsel #87, Motion to
                                            )        Reconsider #111, Motion for Experts #114,
10                   Defendants.            )        and Motion to Compel Discovery #119)
                                            )
11   _____)

12          Before the court is *pro se* plaintiff Joseph Antonetti's Motion for Appointment of Counsel.

13   (#87).  Defendants filed an Opposition (#89), and plaintiff filed a Reply (#91).

14          Also before the court is plaintiff Joseph Antonetti's Motion to Reconsider.  (#111).  Defendants

15   filed an Opposition (#112), and plaintiff filed a Reply (#117).

16          Also before the court is plaintiff Joseph Antonetti's Motion For Experts.  (#114).  Defendants

17   filed an Opposition (#118), and plaintiff filed a Reply (#120).

18          Also before the court is plaintiff Joseph Antonetti's Motion to Compel Discovery.  (#119).

19   Defendants filed an Opposition (#121), and plaintiff filed a Reply (#122).

20   **Background**

21          The court granted plaintiff's motion to proceed *in forma pauperis* on March 28, 2007.  (#5).  On

22   January 4, 2008, the court ordered the clerk to file the complaint (#12), and on January 9, 2008, the

23   complaint was filed (#13).  The defendants filed a motion to dismiss on May 12, 2008 (#26), and on

24   September 29, 2008, plaintiff filed a motion for leave to file an amended complaint (#36).   On

25   December 1, 2008, the plaintiff filed a motion to compel discovery (#42), and in defendants' opposition

26   thereto, they argued that discovery at this point was premature, as the motion to dismiss alleges

immunity from suit (#43).  The defendants also filed a motion for a protective order (#44), asking this court to stay all discovery pending a ruling on the motion to dismiss (#26).  The court granted the defendants' request to stay discovery and did not enter a scheduling order.  (#45).

On December 29, 2008, and on December 30, 2009, plaintiff filed motions to compel (#47 and #48).  On February 12, 2009, the court entered an order granting plaintiff's motion to amend complaint (#36) and denying defendants' motion to dismiss (#26).  (#51).  The court also gave plaintiff thirty days to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies.  *Id.*  Plaintiff filed his response to the order to show cause on February 23, 2009, and a motion for scheduling order on March 27, 2009 (#59).  On September 2, 2009, the court entered a minute order denying plaintiff's motions to compel (#42, #47, and #48) without prejudice pending an order deciding the show cause issue.  (#68).  On March 12, 2010, the court entered an order dismissing plaintiff's amended complaint (#70) and an order entering judgment is favor of defendants (#70).  Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit.  (#74).

On October 12, 2011, the Ninth Circuit issued a memorandum, affirming in part, reversing in part, and remanding.  (#82).  On April 9, 2012, the court issued a minute order providing for a pretrial order deadline of May 11, 2012.  (#86).  On April 20, 2012, plaintiff filed a motion for appointment of counsel.  (#87).  On April 24, 2012, the defendants filed their answer to plaintiff's amended complaint.  (#88).  On May 11, 2012, defendants filed a motion to vacate (#86), asking this court to enter a scheduling order and vacate the minute order setting the pre-trial order deadline.  (#90).  On May 24, 2012, the action was reassigned to the Honorable Judge Miranda M. Du (#93), and on June 25, 2012, the action was reassigned to the undersigned Magistrate Judge (#96).  On July 27, 2012, plaintiff filed a motion to compel discovery and interrogatories.  (#107).

On August 29, 2012, the court issued an order (1) granting defendants' motion to vacate (#90), (2) vacating the pretrial order deadline of May 11, 2012, (3) opening discovery and issuing a scheduling order, and (4) denying plaintiff's motion to compel (#107) without prejudice.  (#110).  The court held

that "[a]s a scheduling order has not been issued and discovery has not commenced, plaintiff's motion to compel is premature." *Id.*

**Motion For Appointment of Counsel**

The court has no authority to require attorneys to represent indigent litigants in civil cases under § 1915. *Mallard v. United States Dist. Court*, 490 U.S. 296, 301 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The court has no funds to pay for attorney fees in civil matters, such as this one. Appointment of counsel is only appropriate under 28 U.S.C. § 1915 when the court finds that exceptional circumstances exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

Plaintiff sought the assistance of counsel twice in this action (#8 and #36), and the court denied both of plaintiff's requests. (#10 and #51). In denying one of his motions (#8), the court held that "[i]t is far from clear that plaintiff will likely prevail on the merits. Moreover, this is not a complex case, and plaintiff has demonstrated that he is capable of adequately articulating his claims." (#10). Since the court denied these motions (#10 and #51), plaintiff has appealed to the Ninth Circuit (#74, and #78), which resulted in the Ninth Circuit affirming in part, reversing in part, and remanding (#82 and #83) the court's order (#70) on defendants' motion to dismiss and the judgment against him (#71). As this case was recently remanded from the Ninth Circuit (#82 and #83), discovery commenced in August, 2012 (#110), and plaintiff is seeking leave of court to file an amended complaint (#126), the court is unable to assess whether there is a likelihood of success on the merits of plaintiff's claims. *Terrell*, 935 F.2d at 1017. The fact that plaintiff successfully appealed to the Ninth Circuit (#82 and #82) supports a finding that plaintiff is able to articulate his claims. *Id.* The court finds that the issues remaining

3

1    before this court as remanded by the Ninth Circuit are not complex: (1) Excessive force on November

2    15, 2005, (2) inadequate yard and exercise time between January 8, 2005, and November 15, 2005, and

3    (3) meal deprivation on November 15, 2005 (#82 and #83). *Id.* The court finds that "exceptional

4    circumstances" warranting appointing counsel do not exist. *Id.*

5    **Motion To Reconsider**

6    Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal

7    representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

8    inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable

9    diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud

10   (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

11   party, (4) the judgment is void, (5) the judgment has been satisfied, released or discharged; it is based

12   on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer

13   equitable, or (6) any other reason that justifies relief." Federal Rule of Civil Procedure 60(b).

14   Plaintiff asks this court to reconsider its order (#110) denying plaintiff's motion to compel

15   (#107), granting defendants' motion to vacate (#90), and setting discovery deadlines. (#111). Plaintiff

16   asserts that he "needs discovery to amend and file pretrial motions," and that the court is expecting him

17   to "do all this without the required discovery before same is due." *Id.* Plaintiff asserts that "this court

18   sites "Local Rules" in support of delaying, hindering, and giving Mr. Antonetti the run around on

19   discovery..." *Id.*

20   The court finds that reconsidering its order (#110) is not appropriate. Plaintiff has not

21   demonstrated that the court's order was the result of mistake, inadvertence, surprise, or excusable

22   neglect. Fed. R. Civ. P. 60(b). Rather than "delaying, hindering, and giving [plaintiff] the run around

23   on discovery" (#111), this court's order recognized plaintiff's right to discovery and commenced

24   discovery by issuing a scheduling order (#110). The court also vacated the pretrial order date to provide

25   plaintiff the opportunity to proceed with discovery and pretrial motions. (#110). Plaintiff has not

26                                                                4

presented the court with any newly discovered evidence, as plaintiff only argues that he is entitled to discovery, which is an issue the court reconciled in its order (#110). Fed. R. Civ. P. 60(b). Plaintiff has also not demonstrated that the order (#110) is void, and is unable to do so, as LR 16-1(b) <u>requires</u> the court to enter the scheduling order. *Id.* The fifth factor does not apply to the court's order (#110). *Id.* Plaintiff has not presented the court with any other reason that justifies relief from the court's order (#110). *Id.* Reconsideration under Rule 60(b) is not appropriate, and plaintiff's request is denied. *Id.*

**Motion For Experts**

Federal Rule of Evidence 702(a) provides that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of own choosing. But the court may only appoint someone who consents to act." The court has broad discretion to appoint an expert under Rule 702(a), but where "the government would likely bear the costs, the court should exercise caution." *Walker v. American Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1071 (9th Cir. 1999); *Lopez v. Scribner*, CVF045595OWWDLBP, 2007 WL 1215420 *2 (E.D. Cal. Apr. 24, 2007). "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *See Hannah v. United States,* 523 F.3d 597 (5th Cir. 2008).

As plaintiff is proceeding *pro se* and was unable to pay for the filing of this action (#1), the court concludes that plaintiff is unable to pay for an expert. The court must therefore "exercise caution" in determining whether to appoint an expert. *Lopez*, 2007 WL 1215420 *2. Plaintiff asserts that an expert is necessary in order to "avoid a wholly one-sided presentation of opinions on the issues at trial," and that he needs both a mental health and physical doctor "to testify to actual and possible effects/affects" of defendants' actions. (#114). The Ninth Circuit remanded the case, and held that the following claims were improperly dismissed: (1) excessive force on November 15, 2005, (2) inadequate yard and exercise time between January 8, 2005, and November 15, 2005, and (3) meal deprivation on November 15,

1   2005. (#82 and #83).[1]

2        The inquiry in an excessive force claim is "whether force was applied in a good faith effort to

3   maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."

4   *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  As this claim "does not depend on technical determinations

5   but instead hinges on the intent of the prison administrators," and no "scientific, technical, or other

6   special knowledge" is required to help the trier of fact, an expert is not necessary for plaintiff to present

7   his case to a jury.  *See Salcido v. Zarek,* 237 F. App'x 151, 152 (9th Cir. 2007)(holding that the District

8   court did not err in denying plaintiff's request for an expert where the case depended on the defendants'

9   intent in providing medical care to plaintiff); Fed. R. Evid. 702 ("A witness who is qualified as an

10   expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or

11   otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of

12   fact to understand the evidence or to determine a fact in issue...").

13        Plaintiff asserts that he received only three (3) to four (4) hours of outdoor exercise per week,

14   as oppose to the ten (10) hours provided for in the prison regulations, in violation of the Eighth

15   Amendment's prohibition against cruel and unusual punishment. (#52).  Plaintiff must demonstrate "the

16   state of mind of the person imposing the deprivation" in an Eighth Amendment claim for deprivation

17   of outdoor exercise.  *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993).  An expert is not required

18   to demonstrate the defendants' state of mind, and is therefore unnecessary.  *Salcido*, 237 F. App'x at

19   152.  Plaintiff must also demonstrate the objective component, that the deprivation was "sufficiently

20   serious."  *LeMaire*, 12 F.3d at 1451.  An expert is likewise not necessary to assist the trier of fact in

21   determining if 3-4 hours as opposed to 10 hours is "sufficiently serious."  Fed. R. Evid. 702.

22

23

---

24       [1] Defendants again ask this court to clarify what claims remain in light of the Ninth Circuit's opinion (#82).
(#112).  The court refers the defendants to the Ninth Circuit's opinion (#82), and notes that in light of the plaintiff's
25   newly filed motion to amend his complaint (#126), the plaintiff's claims may change.

26

Plaintiff also does not need an expert to present his claim for meal deprivation, wherein he alleges "cruel and unusual punishment under the Eighth Amendment." (#52).  The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009)(quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).   "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.*

Establishing a violation of the Eighth Amendment requires a two-part showing:(1) an inmate must objectively show that he was deprived of something "sufficiently serious," and (2)  inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. *Id.* As no "scientific, technical, or other special knowledge" is required to help the trier of fact in determining whether that the deprivation of <u>one</u> meal was "sufficiently serious," an expert is not required for this factor. Fed. R. Evid. 702.  "To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk." *Foster*, 554 F.3d at 814 (citing *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir.2000)).  Plaintiff must demonstrate defendants' state of mind in depriving him of one meal. *Id.*  An expert is not required for the jury to adequately evaluate the evidence of defendants' state of mind. *See Salcido,* 237 F. App'x at 152.

With regard to any claim of emotional and/or physical distress, plaintiff would be able to testify as to the distress he has allegedly suffered as a result of the defendants' actions.  The Ninth Circuit has held that "testimony alone can sufficiently establish emotional distress damages, such that a jury could find in [plaintiff's] favor on that issue." *Nelson v. Equifax Info. Services, LLC*, 522 F. Supp. 2d 1222, 1235 (C.D. Cal. 2007); See *Zhang v. American Gem Seafoods*, 339 F.3d 1020, 1040 (9th Cir.2003) (upholding emotional damages based only on testimony); *Johnson v. Hale*, 13 F.3d 1351, 1352 (9th Cir.1994) (stating that emotional damages may be awarded based only on testimony or appropriate inference from circumstances).  Plaintiff's request is denied.

**Motion To Compel**

Plaintiff asks this court to compel the defendants to answer interrogatories and provide requested discovery. (#119). Pursuant to Local Rule 26-7(a), "[a]ll motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any." Plaintiff only provided the court with "examples" of his interrogatories and the objections thereto, without setting forth "in full the text" of the interrogatories and the objections. (#119). According to defendants, the examples provided by plaintiff were not even in full text, and were only portions of the defendants' actual objections. (#121). Plaintiff does not cure this deficiency in his reply. (#122). The court is unable to determine whether interrogatories were relevant, whether defendants' objections were proper, and whether to compel defendants to provide answers thereto without being provided with the full text of the interrogatories and the objections. *See* LR 26-7(a). Plaintiff's motion to compel (#119) is denied *without prejudice*.

Accordingly, and for good cause shown,

IT IS ORDERED that  Joseph Antonetti's Motion for Appointment of Counsel (#87) is DENIED.

IT IS FURTHER ORDERED that plaintiff Joseph Antonetti's Motion to Reconsider (#111) is DENIED.

IT IS FURTHER ORDERED that plaintiff Joseph Antonetti's Motion For Experts (#114) is DENIED.

IT IS FURTHER ORDERED that plaintiff Joseph Antonetti's Motion to Compel Discovery (#119) is DENIED *without prejudice*.

DATED this 26th day of December, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

8