UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH ANTONETTI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DWIGHT NEVEN, *et al.*,<br><br>　　　　　　Defendants. | 2:07-cv-00162-MMD -VCF<br><br>**O R D E R**<br><br>(**Motion for Appointment of Counsel (#128), Motion to Reconsider (#136), and Motion to Compel (#137)**) |

　　　　Before the court is *pro se* plaintiff Joseph Antonetti's Motion for Appointment of Counsel. (#128). Defendants filed an Opposition (#131), and plaintiff filed a Reply (#135).

　　　　Also before the court is plaintiff Joseph Antonetti's Motion to Reconsider. (#136). Defendants filed an Opposition (#140), and plaintiff filed a Reply (#142).

　　　　Also before the court is plaintiff Joseph Antonetti's Motion to Compel. (#137). Defendants filed an Opposition (#139), and plaintiff filed a Reply (#143). The court held a hearing on January 29, 2013, and plaintiff appeared telephonically.

**A.**　**Relevant Background**

　　　　The court granted plaintiff's motion to proceed *in forma pauperis* on March 28, 2007. (#5). On January 4, 2008, the court ordered the clerk to file the complaint (#12), and on January 9, 2008, the complaint was filed (#13). The defendants filed a motion to dismiss on May 12, 2008 (#26), and on September 29, 2008, plaintiff filed a motion for leave to file an amended complaint (#36). On December 1, 2008, the plaintiff filed a motion to compel discovery (#42), and in defendants' opposition thereto, they argued that discovery at this point was premature, as the motion to dismiss alleges immunity from suit (#43). The defendants also filed a motion for a protective order (#44), asking this

court to stay all discovery pending a ruling on the motion to dismiss (#26). The court granted the defendants' request to stay discovery and did not enter a scheduling order. (#45).

On December 29, 2008, and on December 30, 2009, plaintiff filed motions to compel (#47 and #48). On February 12, 2009, the court entered an order granting plaintiff's motion to amend complaint (#36) and denying defendants' motion to dismiss (#26). (#51). The court also gave plaintiff thirty days to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies. *Id.* Plaintiff filed his response to the order to show cause on February 23, 2009 (#54), and a motion for scheduling order on March 27, 2009 (#59). On September 2, 2009, the court entered a minute order denying plaintiff's motions to compel (#42, #47, and #48) *without prejudice* pending an order deciding the show cause issue. (#68). On March 12, 2010, the court entered an order dismissing plaintiff's amended complaint (#70) and an order entering judgment is favor of defendants (#70). Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. (#74).

On October 12, 2011, the Ninth Circuit issued a memorandum, affirming in part, reversing in part, and remanding. (#82). On April 9, 2012, the court issued a minute order providing for a pretrial order deadline of May 11, 2012. (#86). On April 20, 2012, plaintiff filed a motion for appointment of counsel. (#87). On April 24, 2012, the defendants filed their answer to plaintiff's amended complaint. (#88). On May 11, 2012, defendants filed a motion to vacate, asking this court to enter a scheduling order and vacate the minute order setting the pre-trial order deadline (#86). (#90). On May 24, 2012, the action was reassigned to the Honorable Judge Miranda M. Du (#93), and on June 25, 2012, the action was reassigned to the undersigned Magistrate Judge (#96). On July 27, 2012, plaintiff filed a motion to compel discovery and interrogatories. (#107).

On August 29, 2012, the court issued an order (1) granting defendants' motion to vacate (#90), (2) vacating the pretrial order deadline of May 11, 2012, (3) opening discovery and issuing a scheduling order, and (4) denying plaintiff's motion to compel (#107) *without prejudice*. (#110). The court held that "[a]s a scheduling order has not been issued and discovery has not commenced, plaintiff's motion

to compel is premature." *Id.*   Plaintiff filed a motion to reconsider (#111) on September 6, 2012, a motion for expert appointment on September 25, 2012 (#114), and a motion to compel on October 15, 2012 (#119).  On November 27, 2012, plaintiff filed a motion to amend and supplement amended complaint (#126), which is referred to the District Judge. On December 6, 2012, plaintiff filed a motion for appointment of counsel (#128).

On December 26, 2012, the court entered an order denying the motion for counsel (#87), motion to reconsider (#111), motion for expert (#114), and motion to compel *without prejudice* (#119). (#132). On December 28, 2012, the court issued a minute order stating that it will address the motion for appointment of counsel (#128) at the hearing scheduled for January 29, 2013, in plaintiff's other action. (#134). Plaintiff filed a motion to reconsider order (#132) and a motion to compel (#137) on January 4, 2013.  The court issued a minute order on January 8, 2013, stating that "that the court will address plaintiff Joseph Antonetti's Motion To Reconsider (#136) and Motion To Compel (#137) during the January 29, 2013, hearing," and that "[d]efendants' Oppositions to the Motion To Reconsider (#136) and Motion To Compel (#137) are due on or before January 21, 2013, and no Replies are required." (#138).  The defendants filed oppositions to the motion to compel (#139) and motion to reconsider (#140).

**B.     Motion for Appointment of Counsel (#128)**

   **1.     Arguments**

Plaintiff argues that he should be appointed counsel to represent him in this action, as (1) he has been confined to isolation for the past 8 years, (2) he has no access to the law library, (3) he is not in contact with anyone trained in the law, (4) he is only able to check out five cases every 2-4 weeks, (5) he does not know what sort of discovery exists or how to state it, (6) he does not know what sort of witnesses to call for expert testimony, (7) does not know how to subpoena witnesses, (8) he cannot obtain proper names and inmate #'s or ask what other inmates experiences are, (9) he has over 8 actions pending and is only provided with 20-50 pieces of paper, one pen, and five envelopes per month, (10)

3

the case requires extensive discovery, "much of which is 'Privileged,'" (11) he would need to depose other prisoners who are housed in other prisons or released, (12) he is in a place of constant noise and aggression, (13) he lacks sleep and proper health care, (14) he is not an experienced jail house lawyer and has no idea what to do at trial, and (15) he has been in prison since he was 16 years old.  (#128).

Defendants argue that the issues that remain to be litigated are not complex, as two of plaintiff's three remaining claims involve events taking place on a single day.  (#131).  Defendants state that the three remaining claims, for (1) excessive force, (2) meal deprivation on one day for failure to comply with an order, and (3) being provided with only three to four hours of exercise a week, are not likely to survive.  *Id.*  Defendants also assert that they have answered interrogatories, produced 192 pages of documents, provided plaintiff with his grievances, produced log books, job classifications and copies of various administrative regulations and operational procedures, and given plaintiff the policy with respect to viewing his medical records on two occasions.  *Id.*  Defendants' state that plaintiff's arguments regarding not being provided with discovery as a reason to be appointed an attorney is belied by the discovery provided above.  *Id.*

**2.     Relevant Law/Recommendation**

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

Plaintiff sought the assistance of counsel three times in this action (#8, #36, and 87), and the court denied all three of plaintiff's requests. (#10, #51, and #132).  In denying one of his motions (#8), the court held that "[i]t is far from clear that plaintiff will likely prevail on the merits. Moreover, this is not a complex case, and plaintiff has demonstrated that he is capable of adequately articulating his

4

1  claims." (#10).  After the court denied plaintiff's first two motions for counsel (#10 and #51), plaintiff
2  appealed to the Ninth Circuit (#74, and #78), which resulted in the Ninth Circuit affirming in part,
3  reversing in part, and remanding (#82 and #83) the court's order (#70) on defendants' motion to dismiss
4  and the judgment against him (#71).

5  In the court's last order denying counsel (#132), the court held that it could not assess plaintiff's
6  likelihood of success in light of the fact that "this case was recently remanded from the Ninth Circuit
7  (#82 and #83), discovery commenced in August, 2012 (#110), and plaintiff is seeking leave of court to
8  file an amended complaint (#126)..."  The court also held that "[t]he fact that plaintiff successfully
9  appealed to the Ninth Circuit (#82 and #82) supports a finding that plaintiff is able to articulate his
10 claims," and that "the issues remaining before this court as remanded by the Ninth Circuit are not
11 complex: (1) Excessive force on November 15, 2005, (2) inadequate yard and exercise time between
12 January 8, 2005, and November 15, 2005, and (3) meal deprivation on November 15, 2005 (#82 and
13 #83)." (#132).

14 The circumstances have not changed since the court issued its previous order denying
15 appointment of counsel (#132).  The court has not ruled on the motion to amend complaint (#126), the
16 remaining claims are the same, and the parties are engaged in discovery.  The court finds that plaintiff
17 has not demonstrated a likelihood of success on the merits of his claims and that he is able to articulate
18 his remaining arguments and claims, which are not complex. *Terrell,* 935 F.2d at 1017.  Appointing
19 counsel is not warranted. *Id.*

20 **C.    Motion For Reconsideration (#136)**

21      **1.    Relevant Facts/Arguments**

22 The court issued an order on December 26, 2012, denying (#87) motion to appoint counsel,
23 (#111) motion for Magistrate Judge to reconsider Magistrate Judge order, (#114) motion for experts,
24 and denying *without prejudice* (#119) motion to compel discovery.  (#132).  The court stated that (1)
25 exceptional circumstances warranting appointment of counsel do not exist, (2) reconsidering its order

5

(#110) was not appropriate, as vacating the joint pretrial order was in plaintiff's favor and the court permitted plaintiff to proceed with the discovery, which he sought, (3) appointing an expert is not necessary or appropriate, as the excessive force claim "hinges on the intent of the prison administrators," and no "scientific, technical, or other special knowledge" is required to help the trier of fact, an expert is not necessary for plaintiff to present his case to a jury," an expert is not required to testify to the defendants' state of mind for the Eighth Amendment cruel and unusual punishment claim relating to his outdoor exercise, and an expert is not required to testify regarding the defendants' state of mind or whether missing *one* meal is "sufficiently serious" for the meal deprivation claim, and (4) the motion to compel is denied because plaintiff failed to set forth the full text of the discovery originally sought as required in LR 26-7(a). *Id.*

Plaintiff asks this court to reconsider its order (#132), as the issues are complex, plaintiff is in constant confinement and does not have the ability to investigate, research, or conduct discovery, defendants are giving him the "run around" with discovery, an expert witness is necessary to demonstrate whether defendants followed proper procedures in failing to feed him and the damages he suffered both mentally and physically, the "intent" of the defendants is a complex issue, the defendants are trying to force great expense and frustration on plaintiff in discovery, defendants have not proven that they provided plaintiff with discovery, and the court is "plainly wrong on each and every issue, except, arguably, compel of discovery, in the matter Mr. Antonetti is at a loss." (#136).

Defendants argue that reconsideration is not appropriate, as plaintiff simply states his disagreement with the court's order (#132) and does not assert any grounds that warrant reconsideration. (#140). Defendants state that the case law plaintiff cites to is not on point, and that one of the two Ninth Circuit cases cited to, *Jordan v. Gardner* 986 F.2d 1521 (9th Cir. 1993), used an expert but did not discuss the court appointing the expert. *Id.* With regard to plaintiff's argument that his confinement hinders his ability to access the law library or research cases, defendants point out that as plaintiff cited nineteen (19) cases in his motion, he cannot argue that he has difficulty obtaining case law. *Id.*

6

Plaintiff mailed his reply to the court for filing prior to the hearing, but the reply was received and filed on the court's docket on January 31, 2013. (#142). The court reviewed plaintiff's reply (#142) and considered his arguments herein.

### 2. **Relevant Law/Recommendation**

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, or (6) any other reason that justifies relief." Federal Rule of Civil Procedure 60(b).

The court finds that reconsidering its order (#132) is not appropriate. Plaintiff has not demonstrated that the court's order was the result of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). The court's order provided plaintiff with case law supporting its rulings and provided plaintiff the opportunity to correct his failure with regard to his motion to compel by denying it *without prejudice*. Plaintiff has not presented the court with any newly discovered evidence, and only reargues his positions from the previous motions. Fed. R. Civ. P. 60(b). Plaintiff has also not demonstrated that the order (#132) is void. *Id.* The fifth factor does not apply to the court's order (#132). *Id.* Plaintiff has not presented the court with any other reason that justifies relief from the court's order (#132). *Id.* Reconsideration under Rule 60(b) is not appropriate, and plaintiff's request is denied. *Id.*

### D. **Motion to Compel (#137)**

#### 1. **Arguments**

Plaintiff begins his motion to compel by stating what was provided to him rather than what was

7

*not.* (#137).  Plaintiff received (1) four grievances through the levels for recreation and meals claims, (2) notice of charges for November 15, 2005, incident, (3) "A.R.S." "639," "507," and "740," and (4) "O.P" "I.P'S" "711," "4 months of 2-4 of 2005 exercise log (last 10 days of January to first 2 of June)." *Id.*  Plaintiff argues that this is all that was provided.  *Id.*  Plaintiff attached 8 "packages of requests," "89 pages of objections containing requests, and...answers?"  (#137 Exhibits 1-9).  Plaintiff goes through the answers he disputes and, for some, why he feels the answers are insufficient.  (#137).

Defendants assert that they provided responses in a good faith attempt to narrow the issues subsequent to the Ninth Circuit's remand, and that on October 8, 2012, they responded to requests from December of 2007 (Exhibit 1), and December of 2008 (Exhibit 2). (#139). Plaintiff has since served additional discovery and defendants served answers to interrogatories and requests for documents. *Id.* Defendants state that they produced and answered appropriate discovery, but that they objected to portions that were irrelevant or sought information from defendants that were no longer parties. *Id.* Defendants assert that plaintiff has been provided with:

 (1) "the grievances he submitted relative to his food, exercise and excessive force claims in accordance with the time period prescribed by the 9th Circuit,"

 (2) "copies of the administrative regulations which he requested, and also given a copy of the operational procedures that pertain to the administrative segregation unit,"

 (3) "the employment classifications for all positions he requested,

 (4) the notice of charges relative to his disciplinary charges stemming from the November 15, 2005 incident wherein he captured his food slot,"

 (5) "yard logs for the time period of January 19, 2005 through June 2, 2005," and that "[w]hile Defendants have diligently searched for yard logs completed during the time period of December 2004 to November of 2005, no other logs have been located within that time period. If such logs are located *they will be produced,* and

 (6) Defendants Stroud and Baca's answers to plaintiff's interrogatories

1  *Id.* Defendants state that "[r]elative to medical records, Plaintiff was provided with the medical
2  directive that includes instructions to review his medical records," but that "Plaintiffs medical records
3  are irrelevant as the 9th Circuit upheld the dismissal of Plaintiffs allegations that Defendants were
4  deliberately indifferent to his medical needs." *Id.* Defendants also assert that plaintiff served additional
5  discovery requests on defendants Neven and Stroud, and that the answers are not due until February 13,
6  2013. *Id.*

7  Defendants assert that defendant Skolnik is no longer in the case, as the Ninth Circuit dismissed
8  the use of baton claims, and that they have not answered any discovery relating to him. *Id.* Defendants
9  also assert that remaining requests relate to issues outside this litigation, such as dental claims, shower
10 claims, classification as a high risk inmate, and an incident in December of 2007. *Id.* Defendants state
11 that plaintiff failed to confer as required by LR 26-7, with the exception of the dispute concerning
12 Skolnik. *Id.*

13 Plaintiff mailed his reply to the court for filing prior to the hearing, but the reply was received
14 and filed on the court's docket on January 31, 2013. (#143). The court reviewed plaintiff's reply
15 (#143), and finds that the arguments and concerns raised in the reply were adequately addressed during
16 the hearing and considered by the court herein.

17     2.    **Relevant Law/Recommendation**

18 Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with
19 document requests within the scope of Rule 26(b) that are "relevant to any party's claim or defense..."
20 or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b).
21 Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes.
22 *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery
23 purposes, relevance means only that the materials sought are reasonably calculated to lead to the
24 discovery of admissible evidence. *Id*. In responding to Rule 34 requests, "the response must either state
25 that inspection and related activities will be permitted as requested or state an objection to the request,

9

including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Pursuant to Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Pursuant to LR 26-7, "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

Plaintiff did not meet and confer regarding the discovery disputes as required under the Local Rules of this court. (#139).  The court recognizes that plaintiff is proceeding *pro se,* but advises plaintiff that he is still required to familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court, and that a failure to comply with these rules could warrant future sanctions. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.); See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that pro se parties are not excused from following the rules and orders of the court).

Plaintiff's disputes regarding the discovery produced can be lumped into several categories: (1) the response does not answer the question, (2) the response is inaccurate or "a lie," (3) the purpose of plaintiff's interrogatory is to identify possible witnesses and "responsible parties," (4) proof of confidentiality or privilege should be provided, (5) defendants eventually answered the discovery, but the delay caused "frustration, delay, improper conduct," (6) plaintiff disagrees that Mr. Skolnik is not a defendant, (7) defendants did "not attempt 2 answer a single question" (without plaintiff stating the basis of the interrogatory/request, the relevance, or why the court should compel discovery), and (8) defendants used a template and "simply clicked into place repeatedly."  (#137).

        **a.**     **Defendant Skolnik**

Plaintiff alleges in the negligence count (claim 3) of his amended complaint that defendant

10

Skolnik failed to train the officers to use pepper spray before using the steel baton. (#52). The court dismissed claim three for plaintiff's failure to grieve the general use of the batons. (#70). The Ninth Circuit held that "Dismissal of Antonetti's claims alleging...**the general use of batons**, was proper because Antonetti failed to exhaust administrative remedies. See *Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) ("proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion of administrative remedies prior to filing suit). We construe the dismissal of these claims to be without prejudice. *See Wyatt*, 315 F.3d at 1120." (#82)(emphasis added).

As plaintiff only named defendant Skolnik in his third claim regarding the general use of batons, and the Ninth Circuit upheld the dismissal of that claim, defendant Skolnik is no longer a defendant. Any discovery sought relating to defendant Skolnik is not relevant and not discoverable. *See Oppenheimer Fund*, 437 U.S. at 351.

### b.    Specific Requests

Plaintiff stated during the hearing that he is particularly concerned with discovery regarding (1) identities of individuals (supervisors), (2) videos and photographs, and (3) yard log books. Plaintiff stated that there was video taken when the SERT team escorted him to 'medical' on the day of the incident and that the "investigator generals" took photographs of his alleged injuries after the incident. Plaintiff also argued that he did not make a "blanket" request for all supervisors and that he was very specific regarding which supervisors' identities he sought. Plaintiff also asserted that he only received yard log books for four (4) months, when he sought 7-8 years worth and alleged in his amended complaint (#52) that "[b]etween December 19th, 2004 through November 15th, 2005, [he] was repeatedly ([p]laintiff), denied the mandatory exercise time..."

Defense counsel represented during the hearing that the prison produces copies of yard logs as they are available and that she forwards them to plaintiff upon receipt. Counsel also stated that she will provide plaintiff and the court with the identities of supervisors if plaintiff narrows his requests as to

11

1  time-period and department. With regard to the photographs and videos, defense counsel asserted that
2  she was not aware of either existing, but that she would check with the medical director.
3      The court finds that the identities of supervisors, videos and photographs surrounding the alleged
4  excessive force incident, and yard log books are relevant to plaintiff's remaining claims (#52). *See*
5  *Oppenheimer Fund*, 437 U.S. at 351. The relevant time-frame for the excessive force claim and the
6  yard and exercise claim is December 2004, through December 2005. *See* (#82 Ninth Circuit's
7  Memorandum). On or before February 19, 2013, the parties must meet and confer to agree upon which
8  supervisors are relevant to the remaining claims. Within sixty (60) days from the entry of this order,
9  defendants must produce (1) all yard log books for the relevant time period, (2) all videos and
10 photographs relating to the alleged excessive force incident, and (3) the identities of all agreed upon
11 supervisors. If plaintiff is not provided with the discovery ordered herein, plaintiff must meet and
12 confer under LR 26-7 in a good faith effort to resolve the dispute before filing a motion with the court.
13     Accordingly, and for good cause shown,
14     IT IS ORDERED that Joseph Antonetti's Motion for Appointment of Counsel (#128) is
15 DENIED.
16     IT IS FURTHER ORDERED that plaintiff Joseph Antonetti's Motion to Reconsider (#136) is
17 DENIED.
18     IT IS FURTHER ORDERED that plaintiff Joseph Antonetti's Motion to Compel (#137) is
19 GRANTED in part and DENIED in part, as discussed above.
20     IT IS THEREFORE ORDERED that, on or before February 19, 2013, the parties must meet and
21 confer to agree upon which supervisors are relevant to the remaining claims.
22 . . .
23 . . .
24 . . .
25 . . .
26

IT IS THEREFORE ORDERED that, within sixty (60) days from the entry of this order, defendants must produce (1) <u>all</u> yard log books for the relevant time period, (2) <u>all</u> videos and photographs relating to the excessive force incident, and (3) the identities of <u>all</u> agreed upon supervisors.

DATED this 5th day of February, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**