UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH ANTONETTI,<br><br>　　　　　　Plaintiff,<br>　v.<br>DWIGHT NEVEN, et al.,<br><br>　　　　　　Defendants. | Case No. 2:07-cv-000162-MMD-VCF<br><br>(Plaintiff's Objections to Magistrate Judge's Order – dkt. no. 145) |

**I.   SUMMARY**

Before the Court is Plaintiff's Objections to the Magistrate Judge's Order of February 5, 2013.  (Dkt. no. 145.)  For the reasons stated below, the objections are overruled.

**II.   BACKGROUND**

Plaintiff, who is presently in the custody of the State of Nevada and incarcerated in High Desert State Prison ("HDSP"), filed a civil rights complaint against several HDSP employees on January 9, 2008. (Dkt. no. 13.) The Court previously dismissed the entire action in March of 2010 on grounds of failure to exhaust and qualified immunity. (Dkt. no. 70.) However, Plaintiff subsequently appealed and obtained a remand of the following causes of action:

　(1) An Eighth Amendment claim pertaining to alleged deprivation of outdoor
　　　exercise from December 2004 through November 2005;

   (2) The use of excessive force on November 15, 2005; and

   (3) The deprivation of a meal on November 15, 2005.

(Dkt. no. 82.) The Ninth Circuit affirmed the Court's dismissal of Plaintiff's claims alleging deliberate indifference to his serious medical needs, inadequate law library access, and the general use of batons. (*Id.*)

  On February 5, 2013, Magistrate Judge Ferenbach issued an Order regarding Plaintiff's motion for appointment of counsel, motion to reconsider, and motion to compel. Magistrate Judge Ferenbach (1) denied Plaintiff's motion for appointment of counsel, (2) denied Plaintiff's motion to reconsider the Magistrate Judge's prior decision denying the motion for counsel, motion for expert, and motion to compel (dkt. no. 132), and (3) granted Plaintiff's motion to compel in part and denied it in part. (Dkt. no. 144.) Plaintiff filed an Objection to the Order (dkt. no. 145), objecting to the Magistrate Judge's decisions regarding the appointment of counsel and the portion of the motion to compel decided in Defendants' favor.

## III. ANALYSIS

  Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va., 2008) (*quoting* 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed.1997) ("'although an abuse-of-discretion attitude should apply to many discovery and related matters, it need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives.'")).

  The Magistrate Judge's determination regarding Plaintiff's motion for appointment of counsel was not clearly erroneous. The Order cited to the proper legal

standard.[1]  The Order correctly determined that it is not clear that Plaintiff will succeed on the merits of his case, nor had Plaintiff established that his case was so complex that he, as a *pro se* litigant, could not articulate his claims.

The Magistrate Judge's determination regarding Plaintiff's motion to compel was not clearly erroneous. The Magistrate Judge was correct to deny Plaintiff's motion to compel documents regarding Defendant Skolnik, who, as the Magistrate Judge noted, the Ninth Circuit has dismissed from this case.  (*See* dkt. no. 144 at 10-11.)

IT IS THEREFORE ORDERED that the Objections to the Magistrate's Order (dkt. no. 145) are OVERRULED.

DATED THIS 30th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The standard cited was:

> The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

(Dkt. no. 144 at 4.)