**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JOSEPH ANTONETTI,

    Plaintiff,

vs.

DWIGHT NEVEN, *et al.*,

    Defendant.

2:07-cv-00162-MMD-VCF

**ORDER**

Before the court is Plaintiff Joseph Antonetti's Motion for Reconsideration (#168). Defendants Dwight Neven, Isidro Baca, Willontray Holmes, and Bruce Stroud filed an Opposition (#170); and, Plaintiff failed to file a Reply.

**I.    Background**

This matter involves Prisoner-Plaintiff Joseph Antonetti's Civil Rights action under 42 U.S.C. §1983. This action was filed in 2008 (#1). Following a length procedural history, three of Plaintiff's claims remain: (1) the deprivation of outdoor exercise from December 2004 through November 2005; (2) the use of excessive force on November 15, 2005; and (3) the deprivation of a meal on November 15, 2005. (Mem. & Op. (#82)).

On February 25, 2013, discovery closed. (#110; #155). On May 7, 2013, Antonetti filed a motion to compel discovery (#157). By the motion to compel, Antonetti sought: (1) the identities of certain prison supervisors; (2) videos, photographs, and memoranda regarding the November 15, 2005, excessive force incident; (3) prison documents "showing widespread abuse" of other inmates by prison personnel; (4) photographs of prison exercise cages from 2005; (5) a copy of the prison's policy regarding the use of force; (6) documents detailing any disciplinary measures taken against Defendant

Strout for his alleged use of excessive force against Antonetti; (7) files, notes, video, photographs, names, and reports pertaining to the November 15, 2005, incident; and (8) Antonetti's medical records.

Although Antonetti's motion was untimely, (*see* (#163) at 9:6–13), the court denied Antonetti's motion on its merits because: (1) Defendants had already complied with Antonetti's first, fifth, sixth, seventh, and eighth requests for production; (2) there was no known evidence satisfying Antonetti's second request; and, (3) the information sought by Antonetti's third and fourth requests are inadmissible under Federal Rule of Evidence 404 and irrelevant under Rule 401. (*See id.*) Now, Antonetti asks the court to reconsider its ruling. (#168).

## II.     Legal Standard

While Plaintiff has titled his motion as one for reconsideration (see #168 at 1), the court's order (#163) was interlocutory in nature. The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. However, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.2001) (internal quotation marks, citation, and emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id.* at 887.

Although other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e). *See, e.g.*, *Henry v. Rizzolo*, No. 8–00635, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 8–0353, 2010 WL 1727841, at *1–2 (D.Nev.2010)); *see also Antonetti v. Skolnik*, No. 10-153, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (discussing the standard for a motion to reconsider in the District of Nevada).

Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at *1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev.2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 8–00891, 2010 WL 1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

### III.  Analysis

As a preliminary matter, the court again notes that discovery is closed. (*See* #110, #163). Although the Federal Rules of Civil Procedure and Local Rules do not provide a deadline by which to file a motion to compel, or a motion to reconsider a motion to compel, *see Sille v. Parball Corp.*, No. No. 2:07–cv–00901–KJD–LRL, 2010 WL 2505625 at *2 (D. Nev. June 14, 2010) (Magistrate Judge Leavitt), this court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Moreover, Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

In this case, the court entered a Scheduling Order on August 29, 2012, which stated that discovery would close on February 25, 2013. (#110). On April 30, 2013, District Judge Miranda Du modified the Scheduling Order but did not reopen discovery. (*See* #155). Because neither Antonetti's original motion to compel (#157) nor his motion to reconsider (#168) demonstrate good cause to prolong discovery, and because a year has elapsed since discovery closed, the court denies Antonetti's motion to reconsider (#168) as untimely. *See also* 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE

AND PROCEDURE: CIVIL 2d § 2285 (1994 & Supp.1998) ("If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely"); *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (citing WRIGHT & MILLER, noting that a motion to compel filed within discovery period would rarely be considered untimely, and ruling that motion to compel filed 136 days after defendant's initial responses, and after close of discovery, is untimely); *Sille*, 2010 WL 2505625 at *2 (denying a motion to compel as untimely that was filed fifteen months after the close of discovery).

The court also denies Antonetti's motion for reconsideration on its merits. Reconsideration of an interlocutory order is only appropriate where the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there was an intervening change in controlling law. *U.S. Aviation Underwriters v. Wesair, LLC*, No. 8–00891, 2010 WL 1462707 (D. Nev. April 12, 2010) (internal citation and quotation marks omitted). Antonetti has not alleged, however, that new evidence has been discovered, clear error was committed, or an intervening change in controlling law occurred. (*See generally* #168). Antonetti's motion is merely a general objection, which requests the court to revisit arguments and issues that were addressed in the court's August 20, 2013, order. The court cannot conclude, therefore, that Antonetti's motion presents facts or law of a "'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at *1 (citation omitted).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED THAT Plaintiff's Motion for Reconsideration (#168) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE