**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JOSEPH ANTONETTI,

        Plaintiff,

vs.

DWIGHT NEVEN, *et al*.,

        Defendant.

2:07-cv-00162-MMD-VCF

**ORDER**

Before the court is Plaintiff Joseph Antonetti's Motion for Reconsideration (#177).

**I.**  **Background**

This matter involves Prisoner-Plaintiff Joseph Antonetti's Civil Rights action under 42 U.S.C. §1983. This action was filed in 2008 (#1). Following a length procedural history, three of Plaintiff's claims remain: (1) the deprivation of outdoor exercise from December 2004 through November 2005; (2) the use of excessive force on November 15, 2005; and (3) the deprivation of a meal on November 15, 2005. (Mem. & Op. (#82)).

On August 30, 2013, the court issued an order (#174) denying Antonetti's motion to extend time (#166) and sixth motion to appoint counsel (#166). On September 5, 2030, Antonetti filed the instant motion (#177) requesting the court to reconsider the August 30, 2013, order (#174). This is the fifth motion to reconsider that Antonetti has filed with the court. (*See* #72, #111, #136, #168, and #177). This is also at least the seventh time Antonetti has moved the court to consider appointing counsel. (*See* #8, #36, #87, #128, #166, #167, and #177). Because Antonetti repeatedly failed to identify "exceptional circumstances" under *Terrell v. Brewer*, 195 F.2d 1015, 1017 (9th Cir. 1991), the court has routinely

denied Antonetti's motions to appoint counsel. (*See* #10, #51, #132, #144, and #174). Antonetti, now, requests the court to reconsider its order (#174) denying Antonetti's sixth motion to appoint counsel (#166) and his motion to extend time (#166). Six days have elapsed since the court issued its previous order. (*See* #174). Since that time, nothing has changed. Antonetti merely objects to the court's decision. (*See* #177).

## II. Legal Standard

While Plaintiff has titled his motion as one for reconsideration (see #168 at 1), the court's order (#163) was interlocutory in nature. The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. However, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.2001) (internal quotation marks, citation, and emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Although other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e). *See, e.g*., *Henry v. Rizzolo*, No. 8–00635, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 8–0353, 2010 WL 1727841, at *1–2 (D.Nev.2010)); *see also Antonetti v. Skolnik*, No. 10-153, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (discussing the standard for a motion to reconsider in the District of Nevada).

Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at *1 (citing *Frasure v. U.S*., 256 F.Supp.2d 1180, 1183 (D.Nev.2003)). Moreover, "[r]econsideration is

appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 8–00891, 2010 WL 1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

**III.    Analysis**

Antonetti has failed to satisfy this standard. Although Antonetti is now well-versed in this District's standard governing motions to reconsider, *see, e.g.*, *Antonetti v. Skolnik*, No. 10-153, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013), he has not addressed any of the factors governing motions to reconsider. (*See* #177). He has merely objected to the court's August 30, 2013, order (#174), and regurgitated arguments previously filed with the court. (*See* #177). Antonetti's motion for reconsideration, therefore, is denied.

The court further finds that Antonetti's filings are excessive, frivolous, and vexatious. As discussed above, Antonetti has moved the court to appoint counsel at least seven times. (*See* #8, #36, #87, #128, #166, #167, and #177). Antonetti has also filed at least five motions to reconsider. (*See* #72, #111, #136, #168, and #177). The court does not exist solely to decide Antonetti's filings. *See De Long v. Hennessy*, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants"). Due to Antonetti's frivolous filings with the court, Antonetti must seek leave of court to file any further motions with the court in this case. The request may be no more than two pages in length and state the relief sought and why Antonetti is entitled to that relief.

ACCORDINGLY, and for good cause show,

IT IS ORDERED that Plaintiff Joseph Antonetti's Motion for Reconsideration (#177) is DENIED.

3

IT IS FURTHER ORDERED that Antonetti must seek leave of court before filing additional motions with the court in this case.

IT IS SO ORDERED.

DATED this 17th day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE