**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

JOSEPH ANTONETTI,

            Plaintiff,

vs.

DWIGHT NEVEN, *et al.*,

            Defendants.

2:07–cv–162–MMD–VCF

**ORDER**

      This matter involves incarcerated *pro se* Plaintiff Joseph Antonetti's civil rights action against Dwight Neven, High Desert State Prison warden, and a slew of correctional officers. Before the court is Antonetti's motion for assistance with witness production (#197). The Government filed an opposition (#202); and Antonetti replied (#203). For the reasons stated below, Antonetti's motion is denied.

**DISCUSSION**

      Antonetti moves the court to assist him with subpoenaing witnesses for trial. He argues that court assistance is necessary because he has "a fundamental right to have witnesses present to testify." (Pl's Reply (#203) at 1). This motion presents two questions: (1) whether the court has the authority to grant Antonetti's requested relief and, if so, (2) whether the court should order the Clerk of Court to issue subpoenas. Each question is addressed below.

**I.**     **Whether the Court May Grant Antonetti's Requested Relief**

      The first question the court must address is whether it may grant the relief requested: court assistance with subpoenaing approximately thirty-three prisoner and non-prisoner witnesses. (*See* Pl.'s Mot. for Assist. (#197) at 2) (listing the witnesses). As a preliminary matter, the court notes that the judicial power to decide cases and controversies does not allow the court to assist litigants by offering

1

advisory opinions. *See United States v. Ferreira*, 13 How. 40 (1852); *Hayburn's Case*, 2 Dall. 408 (1792); BLACK'S LAW DICTIONARY (9th ed. 2009), advisory opinion ("A nonbinding statement by a court of its interpretation of the law on a matter submitted for that purpose."). Additionally, contrary to Antonetti's assertion, there is no Sixth Amendment right to have witnesses present to testify in civil matters, which would compel the court to grant Antonetti's requested relief. U.S. CONST. amend VI; *Crawford v. Washington*, 541 U.S. 36 (2004).  Generally, these principles would preclude the court from granting Antonetti's requested relief.

However, federal courts are also directed to decided cases on the merits, not technicalities. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Federal Rule of Civil Procedure 1 requires courts "to secure the just, speedy, and inexpensive determination of every action and proceeding." Additionally, where—as here—an incarcerated *pro se* litigant is involved, courts are also directed to hold the litigant to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

Accordingly, the court orders Antonetti to comply with Federal Rule of Civil Procedure 45. Rule 45 governs subpoenas, and provides, "[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who request it. That party must complete it before service." FED. R. CIV. P. 45(a)(3). Additionally, Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance [at trial], tendering the fees." *See* FED. R. CIV. P. 45(b)(1). Fees must be tendered concurrently with the subpoena. *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983).

Where, as here, the plaintiff proceeds under 28 U.S.C. § 1915, the plaintiff remains liable for subpoena fees. *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989). Although section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses. *Id*. (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988); *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir.), cert. denied, 464 U.S. 917 (1983); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987), cert. denied, 485 U.S. 965 (1988); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1056 (8th Cir. 1984); *see also Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses.").

Therefore, the court concludes that it may grant Antonetti's requested relief by ordering the Clerk of Court to issue subpoenas ad testificandum to Antonetti and requiring Antonetti complete and serve the subpoenas in compliance with Rule 45. This practice is not uncommon in this district. *See, e.g.*, *McCurdy v. N. Las Vegas Metro. Officer Johnson*, No. 08–cv–1767–JAD–PAL (#84) (D. Nev. Aug. 23, 2013) (Leen, M.J.) (ordering the Clerk of Court to "issue a subpoena duces tecum and send it to the Plaintiff who shall describe the documents he is requesting and serve it on [opposing] counsel").

**II.**     **Whether the Court Should Order the Clerk of Court to Issue 33 Subpoenas**

Antonetti's motion raises a second question: whether the court should order the Clerk of Court to issue subpoenas to Antonetti's thirty-three prisoner and non-prisoner witnesses. (*See* Pl.'s Mot. for Assist. (#197) at 2) (listing the witnesses). For the reasons stated below, the court finds that it should not.

"The trial court has discretionary power to refuse to subpoena witnesses and prevent abuse of process in both civil and criminal proceedings." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982) (per curiam) (citing *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980)); *see also United States*

3

1   *v. Ochoa-Sanchez*, 676 F.2d 1283, 1288 (9th Cir. 1982) (stating that the power to quash a subpoena

2   resides within the district court's discretion).

3         Here, Antonetti has provided the court with a laundry list of thirty-three witnesses. However,

4   Antonetti has not made any showing with regard to the testimony that the proposed witnesses will

5   proffer. As a result, the court cannot determine whether the proposed testimony will be relevant or

6   duplicative. Therefore, to prevent abuse of process, and the prospect of needlessly complicating trial, the

7   court denies Antonetti's motion without prejudice. *See Mosby*, 697 F.2d at 214; FED. R. CIV. P. 1.

8         Antonetti may renew his motion, and the court will consider granting the requested relief, upon a

9   showing that the proposed testimony is relevant and not duplicative.

10        ACCORDINGLY, and for good cause shown,

11        IT IS ORDERED that Antonetti's motion for assistance with witness production (#197) is

12  DENIED WITHOUT PREJUDICE.

13        IT IS SO ORDERED.

14        DATED this 18th day of March, 2014.

15

16

17

18                                                    _____
                                                      CAM FERENBACH
19                                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

4